This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40704

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.

**JUAN PABLO GARNICA,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Caitlin C.M. Smith, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant appeals from the district court's judgment and sentence, convicting him of ten counts of criminal sexual contact of a minor—seven of which were counts against minors under the age of thirteen and three of which were against minors over thirteen—and four counts of intimidation of a witness. We issued a notice proposing to summarily affirm. Defendant has responded with a memorandum in opposition to our notice. We are unpersuaded and affirm.

**{2}** On appeal, Defendant challenges the sufficiency of the evidence to support his convictions. [DS unnumbered 6-10; MIO 8-9] Defendant's appeal has not identified any particular element of the fourteen offenses as lacking supporting evidence. In proposing summary affirmance, our notice relied on the testimony of the four young victims describing the acts and threats Defendant made against them. Defendant's memorandum in opposition does not challenge our understanding of the evidence presented or identify any particular legal error in our proposed analysis. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.  Defendant broadly points out that there are discrepancies between the witnesses' trial testimony and their earlier statements. [MIO 9] We construe this contention to challenge the credibility of the witnesses, which does not constitute grounds for reversal on appeal. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie). We remain unpersuaded that Defendant has demonstrated there was insufficient evidence to support his convictions.

**{3}** In Defendant's other contention on appeal, he contends the amendments to the indictment after the close of the State's evidence violated his due process right to notice of charges against him. [DS unnumbered 10; MIO 4-8] In response to the proposed analysis in our notice, Defendant asserts that the charged time periods changed dramatically for several of the offenses and provides three examples. [MIO 6] Defendant's response, however, does not demonstrate that he was prejudiced by these three amendments to the indictment or any of the others. *See* Rule 5-204(C) NMRA (providing that a "court may at any time allow the indictment or information to be amended in respect to any variance to conform to the evidence . . . unless such variance prejudices substantial rights of the defendant"); *State v. Dombos*, 2008-NMCA-035, ¶ 26, 143 N.M. 668, 180 P.3d 675 (stating that "changing the dates on the charges listed in the indictment does not create an entirely new charge and [a d]efendant [must] describe any prejudice he may have suffered due to the amendment"). To the extent Defendant complains that the district court did not allow him a continuance to address the amended charging periods [MIO 6-7], there is no indication that Defendant identified any prejudice while before the district court, that he could not reasonably anticipate what he needed to investigate, or that he sought a continuance. *See id.*; *State v. Marquez*, 1998-NMCA-010, ¶ 20, 124 N.M. 409, 951 P.2d 1070 ("A variance is not fatal unless the accused cannot reasonably anticipate from the indictment what the nature of the proof against him will be."). In the absence of a showing of prejudice, Defendant has not demonstrated error. *See Marquez*, 1998-NMCA-010, ¶ 20 ("The mere assertion of prejudice, without more, is insufficient to establish prejudicial error warranting reversal of a conviction." (internal quotation marks and citation omitted)).

**{4}** For the reasons stated above and in our notice, we affirm the district court's judgment and sentence.

{5}    IT IS SO ORDERED.

KRISTINA BOGARDUS, Judge

WE CONCUR:

SHAMMARA H. HENDERSON, Judge

KATHERINE A. WRAY, Judge